# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: Joshua D. Moak<br>　　　　　Debtor(s) | CHAPTER 13 |
| Toyota Motor Credit Corporation<br>　　　　　Movant<br>　vs. | NO. 18-14247 AMC |
| Joshua D. Moak<br>　　　　　Debtor(s) | |
| William C. Miller Esq.<br>　　　　　Trustee | 11 U.S.C. Section 362 |

## MOTION TO OBTAIN RELIEF FROM THE AUTOMATIC STAY

## TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

**Toyota Motor Credit Corporation** ("Movant"), its successors and/or assigns filing this its Motion for Relief from the Automatic Stay ("Motion"), and in support thereof, would respectfully show:

　　1.　　On June 27, 2018, Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code.

　　2.　　This Court has jurisdiction of the Motion by virtue of 11 U.S.C. Section 105 and 362 and 28 U.S.C. Section 157 and 1334.

　　3.　　Movant is the owner and holder of a Vehicle Retail Installment Contract ("Agreement") signed by Debtor(s). A true and correct copy of the Agreement is attached hereto as Exhibit "A".

　　4.　　Movant is secured under the Agreement by a properly perfected first lien security interest in a 2012 Acura TSX, VIN: JH4CU2F45CC006160 ("Vehicle"). A true and correct copy of the electronic title is attached hereto as Exhibit "B".

　　5.　　By virtue of the above, Movant is the holder of a secured claim against Debtor(s).

　　6.　　Debtor(s) is/are in default under the terms of the Agreement by failing to make payments when due.

7. Debtor has failed to make monthly post-petition payments in the amount of $354.89 for the months of March 2019 through May 2019.

8. The total amount necessary to reinstate the loan post-petition is **$1,064.67.**

9. Movant alleges that the automatic stay should be lifted for cause pursuant to 11 U.S.C. Section 362(d)(1) in that Movant lacks adequate protection of its interest in the Vehicle as evidenced by the following:

(a) Debtor(s) default under the terms of the Agreement by failing to make installment payments when due and owing thereunder:
(b) The Vehicle and the value of the Vehicle is in a state of decline and continues to decline

10. The Movant hereby requests a waiver of Bankruptcy Rule 4001(a)(3).

11. This motion and the averments contained therein do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this motion, including fees and costs, due under the terms of the mortgage and applicable law.

WHEREFORE, PREMISES CONSIDERED. Movant respectfully prays that, upon final hearing of this Motion, (1) the automatic stay will be terminated as to Movant to permit Movant to seek its statutory and other available remedies: (2) Movant be permitted to obtain possession of the Vehicle to the exclusion of Debtor(s): (3) Movant be granted such other and further relief, at law or in equity as is just.

Respectfully submitted,

**/s/ Rebecca A. Solarz, Esquire**
Rebecca A. Solarz, Esquire
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106-1532
Phone: (215) 627-1322